IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RICHARD A. KAUL, § | |
| § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00057-O-BP |
| § | |
| FEDERATION OF STATE MEDICAL § | |
| BOARDS, *et al.*, § | |
| § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard Arjun Kaul ("Kaul") filed this *pro se* suit against the Federation of State Medical Boards and twenty-two other defendants on January 11, 2021. ECF No. 1. On January 15, 2021, United States Magistrate Judge Rebecca Rutherford transferred the case to the Fort Worth Division of the Court, and it was automatically referred it to the undersigned pursuant to Special Order 3. ECF Nos. 6, 7. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action **WITH PREJUDICE**.

**I.    BACKGROUND**

This case is another chapter in a long saga of repetitive, frivolous lawsuits Kaul has brought against numerous defendants regarding revocation of his license to practice medicine. This suit names twenty-three defendants, including a state (New Jersey), a public university (University of Pittsburgh), two United States senators (Charles Schumer and Cory Booker), a state senator (Steven Sweeney), two insurance companies (Allstate and Geico), a federal court (District of New

Jersey), and the General Medical Council of the United Kingdom, among others. ECF No. 3. The eighteen-page Complaint—along with 405 pages of attachments—alleges serious impropriety but fails to factually connect its allegations to the defendants named in the suit. *Id.* As a defendant in one of Kaul's prior federal cases summarized in a letter to former United States Magistrate Judge Joe Dickson, District of New Jersey, Kaul's litigation campaign "asserts multiple conspiracies consisting of various overlapping groups of individuals, including sitting federal judges, a New Jersey Governor, a sitting United States Senator, various government officials, as well as numerous private companies and individuals." *Id.* at 412.

These allegations seem to spawn from the New Jersey Board of Medical Examiners' revocation of Kaul's medical license for performing surgery on eleven patients in a manner that "constituted gross and repeated malpractice, negligence, and incompetence." *Id.* (citing *Kaul v. Christie*, No. 2:16-cv-2364, 2017 WL 2953680, at *1 (D.N.J. June 30, 2017)). According to Kaul, an elaborate international conspiracy set against him by a secretive cabal of politically connected physicians, insurance companies, jurists, industry magnates, and world leaders is responsible for his license's revocation in New Jersey and the denial of his license application in Pennsylvania. *See* ECF No. 3 at 4–6.

Kaul filed a Motion for Leave to Proceed *in forma pauperis* on January 11, 2021 (ECF No. 4), which was granted on January 12, 2021 (ECF No. 5). Because two defendants, the Federation of State Medical Boards and Dr. Humuyan Choudry, are located in Euless, Texas, the present venue is more appropriate for this suit under 28 U.S.C. § 1391(b) than the Dallas Division where it was originally filed. *See* ECF No. 6. The only filing Kaul has made since the case was transferred is a 159-page letter to Judge O'Connor dated February 22, 2021 seeking various disclosures and requesting that Judge O'Connor "confirm or deny that the case was transferred into [his] remit as

a consequence of the Defendants' corruption/improper influence of the Court's procedure of case assignment." ECF No. 9 at 1.

## II. LEGAL AUTHORITIES

The doctrine of res judicata dictates that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted). The doctrine bars subsequent claims if "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Courts must evaluate whether the cases "are based on the same nucleus of operative facts." *Id.* at 569; *see also United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

To "trigge[r] the doctrine of res judicata or claim preclusion" a judgment must be "on the merits." *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979). Prior dismissals with prejudice are considered a "final judgment on the merits" such that they preclude a case's relitigation. *Brooks v. Raymond Dugat Co. LC*, 336 F.3d 360, 362 (5th Cir. 2003); *see also* 18 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 4419 (3d ed. 2018) ("Nor can preclusion be defeated . . . by arguing that the first court should not have decided the issue on motion to dismiss.").

The complaint of a plaintiff proceeding *in forma pauperis* is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th

Cir. 2009). Complaints lack an arguable basis in law if "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Courts ordinarily look to the face of the well-pleaded complaint to make the above determinations. A complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts have wider interpretive latitude with the pleadings of *pro se* parties. "'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The liberal construction of *pro se* pleadings stems from a "well-established policy that [plaintiffs] be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus whenever possible the Fifth Circuit recommends suits be dismissed without prejudice on Rule 12 motions. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). As a result, courts usually give plaintiffs at least one chance to amend after a Rule 12 dismissal. *Id.* However, a complaint may be dismissed with prejudice, thus foreclosing that opportunity, whenever amending the pleadings would be futile. *Stem v. Gomez*, 813 F.3d 205, 216 (5th Cir. 2016).

### III. ANALYSIS

**A. Res judicata bars Kaul's claims against Defendants Allstate Insurance Company, Geico Insurance Company, Richard Crist, the Federation of State Medical Boards, New Jersey Board of Medical Examiners, Doreen Hafner, Robert Heary, the State of New Jersey, the United States District Court for the District of New Jersey, Andrew Kaufman, Scott Metzger, and Howard Solomon.**

Kaul has sued many of the present defendants for identical allegations in other federal courts, with several cases still ongoing but many now dismissed. *See, e.g.*, *Kaul v. Fed'n of State Med. Bds*, No. 19-cv-3050, 2021 WL 1209211, at *1–3 (D.D.C. Mar. 31, 2021);[1] *Patel v. Crist*, No. 19-8946, 2020 WL 64571, at *3 (D.N.J. Jan. 7, 2020) (order granting motion to dismiss);[2] *Kaul v. Murphy*, No. 21-13063, 2021 WL 3663873, at *2 (D.N.J. July 9, 2021) (order granting motion to dismiss);[3] *Kaul v. Christie*, No. 16-2364, 2019 WL 920815, at *1, *32 (order granting motion to dismiss);[4] and *Kaul v. Bos. Partners, Inc.*, No. 21-cv-10326-ADB, 2021 WL 3272216, at *4 (D. Mass. July 30, 2021) (order granting motion to dismiss) (presently on appeal).[5]

The above examples are a non-exhaustive list demonstrative of the repetitious nature of Kaul's litigation. Over the past decade, Kaul has filed lawsuits in multiple state courts and federal courts in Connecticut, the District of Columbia, Georgia, Illinois, Massachusetts, New Jersey, New York, and Texas. He has appealed cases to the United States Court of Appeals for the Third Circuit and recently petitioned the Supreme Court for a writ of mandamus, which the Court denied. *See Kaul v. Christie*, No. 19-1651 (3d Cir. June 20, 2019) (order dismissing appeal without prejudice); *In re Kaul*, ___ U.S. ___, 140 S. Ct. 514 (Nov. 12, 2019), *mand. denied*.

---

[1] Includes defendants Allstate, Richard Crist, Federation of State Medical Boards, Geico, Doreen Hafner, Robert Heary, Andrew Kaufman, Scott Metzger, Jay Solomon, and the New Jersey Board of Medical Examiners.
[2] Includes current defendants Allstate, Richard Crist, and the State of New Jersey.
[3] Includes current defendant Federation of State Medical Boards.
[4] Includes current defendants Geico and Robert Heary.
[5] Includes current defendants Allstate, Richard Crist, Doreen Hafner, Andrew Kaufman, Jay Solomon, and the New Jersey Board of Medical Examiners.

In none of those cases, which Kaul has eponymously dubbed "the Kaul Cases," did he present a meritorious claim for relief. The only current defendants Kaul has not sued *at least* once are the University of Pittsburgh, the General Medical Council of the United Kingdom, Dr. Humuyan Choudry, and Senators Charles Schumer and Cory Booker. The Complaint contains the same allegations as Kaul's other federal lawsuits and even incorporates by reference exhibits submitted and conclusions drawn in those cases. *See, e.g.*, ECF No. 3 at 2–19. Thus, the Complaint confirms that the issues and many defendants here are identical to those in both prior and ongoing lawsuits. While many of Kaul's cases are pending at various stages, multiple courts have issued a judgment on the merits of his claims by dismissing them with prejudice. *See supra* notes 2–5. The present action shares the following defendants with prior actions dismissed on the merits: Howard Solomon, Allstate Insurance Company, Richard Crist, Geico Insurance Company, New Jersey Board of Medical Examiners, the State of New Jersey, the United States District Court for the District of New Jersey, Andrew Kaufman, Scott Metzger, the Federation of State Medical Boards, Robert Heary, and Doreen Hafner. *Id.*

The mere fact that Kaul has sued those defendants elsewhere does not preclude his doing so here. Res judicata only bars his claims if (1) a prior suit involved identical parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the judgment was a final judgment on the merits; and (4) the judgment involved the same claim or cause of action. *See Singh*, 428 F.3d at 571. As already noted, the above cases involved the same claims and shared twelve defendants with this action, thus satisfying prong (4) as to all current defendants and satisfying prong (1) as to the shared defendants. Prong (2) is satisfied because courts of competent jurisdiction rendered those judgments, and prong (3) is satisfied because dismissals with prejudice are considered "on the merits" for claim preclusive purposes. *Brooks*, 336 F.3d at 362. Thus, res

judicata bars this lawsuit against the twelve defendants involved in prior litigation with Kaul that ended in a final judgment on the merits, and Judge O'Connor should dismiss those claims accordingly.

> **B.   Kaul's claims against the remaining defendants should be dismissed because they fail to state a claim upon which relief may be granted.**

Kaul alleges that Defendants are guilty of "(1) Racketeering; (2) Perjury; (3) Fraud; (4) Evidence/Witness Tampering; (5) Obstruction of Justice; (6) Public Corruption; (7) Judicial Corruption; (8) Bribery; (9) Kickbacks; (10) Manslaughter; [and] (11) Conspiracy." ECF No. 1 at 4. The Complaint is purportedly "brought to expose and dismantle the Defendants' decades long scheme of criminal violations of Kaul's basic human/constitutional rights, that have occurred in both the UK and US." *Id.* The Complaint's eighteen pages make a series of escalating allegations, all of which are conclusory and none of which are supported by facts. *Id.* Because Kaul appears *pro se*, the facial insufficiency of the Complaint could be forgiven if the attachments and exhibits contained sufficient factual information to flesh out its allegations. However, the 405 pages of attachments meander through Kaul's allegations without specifically asserting facts that connect the defendants named to the wrongdoings alleged. As such, the Complaint and attachments contain only conclusory allegations and lack the "who, what, when, why, and how" necessary to determine if Kaul is entitled to relief. This is true even given the Court's liberal construction of the *pro se* Complaint. *See Estelle*, 429 U.S. at 106.

Neither the Complaint nor its attachments provide "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 555. Because Kaul relies on conclusory statements of Defendants' guilt rather than factual assertions, the Court lacks sufficient information to "draw the reasonable inference that the defendant[s are] liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. The Complaint is bereft of facts that support Kaul's outlandish allegations and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

The most liberal construction of Kaul's Complaint cannot cure its lack of factual backup for its numerous assertions and legal conclusions. None of the allegations in its 423 pages is accompanied by specific facts sufficient to make the allegation seem reasonably plausible. *See, e.g.*, ECF No. 1 at 7–8 (where Kaul states "Defendants commission of crimes" twenty-four times in a list of facts, but the corresponding exhibits simply reference other places Kaul has alleged crimes, rather than facts showing the crimes alleged actually were committed). This reliance on conclusory allegations, interwoven with anecdotal evidence and lengthy narrative sections, reads less like a Complaint for which legal recourse is sought and more like a manifesto of grievances and conspiracies.

Because courts prefer to decide cases on their merits rather than technicalities, Rule 12 dismissals such as the one recommended here ordinarily should be without prejudice. *See Great Plains Tr. Co.*, 313 F.3d at 329. However, dismissal with prejudice may sometimes be appropriate when a plaintiff could not successfully bring his claim even if given the opportunity to amend it and thus fix its facial deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016). Kaul's claim against the remaining Defendants is factually empty and borders on the outrageous and scandalous. Even if permitted to replead, Kaul's claim against these remaining Defendants stem from actions that allegedly occurred over five years ago. *See* ECF No. 3 at 4. Any such amended complaint against those remaining Defendants would be barred by limitations, and thus any amended complaint against them would prove futile and dismissal with prejudice is appropriate under the circumstances.

## IV.     CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this action as to Howard Solomon, Allstate Insurance Company, Richard Crist, Geico Insurance Company, New Jersey Board of Medical Examiners, the State of New Jersey, the United States District Court for the District of New Jersey, Andrew Kaufman, Scott Metzger, the Federation of State Medical Boards, Robert Heary, and Doreen Hafner **WITH PREJUDICE** as barred by the doctrine of res judicata and **DISMISS** this action as to the remaining defendants **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 17, 2021.

_/s/ Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE